Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ROMUALDO SOSA LOPEZ, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
|  | **COMPLAINT** |
|  |  |
|  | **COLLECTIVE ACTION** |
| -against- | **UNDER 29 U.S.C. § 216(b)** |
|  |  |
| CHOCK DEE CORP. (d/b/a WONDEE SIAM I), | **ECF Case** |

CHOCK DEE CORP. (d/b/a WONDEE SIAM I),
LUCKY FLUKE CORP. (d/b/a WONDEE SIAM II),
PAMUAN LIKITSANSOOK and PHIMPLOY
LIKITSANSOOK,

                              *Defendants.*
------------------------------------------------------------X

      Plaintiff Romualdo Sosa Lopez, individually and on behalf of others similarly situated

("Plaintiff Sosa" or "Mr. Sosa"), by and through his attorneys, Michael Faillace & Associates,

P.C., and as against each of Defendants Chock Dee Corp. (d/b/a Wondee Siam I), Lucky Fluke

Corp. (d/b/a/ Wondee Siam II) ("Defendant Corporations"), Pamuan Likitsansook, and Phimploy

Likitsansook (collectively, "Defendants"), alleges upon information and belief as follows:

## <u>NATURE OF ACTION</u>

      1.    Plaintiff Sosa was an employee of Defendants Chock Dee Corp. (d/b/a Wondee

Siam I), Lucky Fluke Corp. (d/b/a/ Wondee Siam II), Pamuan Likitsansook and Phimploy

Likitsansook who own and operate Wondee Siam I and Wondee Siam II.

1

2.      Wondee Siam I and Wondee Siam II are Thai restaurants owned by Pamuan Likitsansook and Phimploy Likitsansook, located at 792 Ninth Avenue, New York, NY 10019 (hereinafter "the Wondee Siam I location") and 813 9th Ave, New York, NY 10019 (hereinafter"the Wondee Siam II location").

3.      Upon information and belief, Defendants Pamuan Likitsansook and Phimploy Likitsansook serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Sosa is a former employee of Defendants.

5.      Plaintiff Sosa was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to dishwashing, preparing food, sweeping and mopping the basement, the main room and the kitchen,  assisting the cooks, cleaning  the grill, the windows and the bathroom, carrying down and stocking deliveries in the basement, cleaning the kitchen, cutting vegetables and meat, peeling shrimp, twisting and tying up cardboard boxes, taking out the garbage and carrying the carpet downstairs (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiff Sosa regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Sosa appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Sosa the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Sosa as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Sosa and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Sosa's  non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Sosa's actual duties in payroll records to avoid paying Plaintiff Sosa  at the minimum wage rate, and to enable them to pay Plaintiff Sosa  at the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Sosa to all other similarly situated employees.

14.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sosa and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by Federal and State law and regulations.

15.     Plaintiff Sosa now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

3

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 1.6(herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiff Sosa seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sosa's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Sosa was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19.     Plaintiff Romualdo Sosa Lopez ("Plaintiff Sosa" or "Mr. Sosa") is an adult individual residing in Kings County, New York.

20.      Plaintiff Sosa was employed by Defendants from approximately March 10, 2010 until on or about March 30, 2017.

21.     Plaintiff Sosa consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     Defendants own, operate, and/or control two Thai Restaurants located at 792 Ninth Avenue, New York, NY 10019 and 813 9th Ave, New York, NY 10019 under the names of Wondee Siam I and Wondee Siam II, respectively, at all times relevant to this complaint.

23.     Upon information and belief, Defendant Chock Dee Corp. d/b/a ("Wondee Siam I") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 792 9th Ave, New York, NY 10019.

24.     Upon information and belief, Defendant Lucky Fluke Corp.  (d/b/a Wondee Siam II) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 813 9th Ave, New York, NY 10019.

25.     Defendant Pamuan Likitsansook is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26.     Defendant Pamuan Likitsansook is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

27.     Defendant Pamuan Likitsansook possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

28.     Defendant Pamuan Likitsansook determined the wages and compensation of employees, including Plaintiff Sosa, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29.     Defendant Phimploy Likitsansook is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30.     Defendant Phimploy Likitsansook is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

31.     Defendant Phimploy Likitsansook possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

32.     Defendant Phimploy Likitsansook determined the wages and compensation of employees, including Plaintiff Sosa, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

33.     Defendants operate two Thai Restaurants located at 792 Ninth Avenue, New York, NY 10019 and 813 9th Ave, New York, NY 10019.

34.      Individual Defendants Pamuan Likitsansook and Phimploy Likitsansook possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiff Sosa's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sosa, and all similarly situated individuals, referred to herein.

37.     Defendants jointly employed Plaintiff Sosa, and all similarly situated individuals, and are Plaintiff Sosa's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

38.     In the alternative, Defendants constitute a single employer of Plaintiff Sosa and/or similarly situated individuals.

39.     Upon information and belief, individual Defendants Pamuan Likitsansook and Phimploy Likitsansook operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities  legally separate and apart from their own selves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

7

      (f)     intermingling assets and debts of their own with Defendant Corporations;

      (g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

      (h)     other actions evincing a failure to adhere to the corporate form.

40.     At all relevant times, Defendants were Plaintiff Sosa's employers within the meaning of the FLSA and NYLL.

41.     Defendants had the power to hire and fire Plaintiff Sosa, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sosa's services.

42.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurants on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

44.     Plaintiff Sosa is a former employee of Defendants ostensibly employed as a delivery worker, but who spent at least four hours a day performing the non-delivery, non-tip duties outlined above.

45.     Plaintiff Sosa seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Romualdo Sosa Lopez*

46.     Plaintiff Sosa was employed by Defendants from approximately March 10, 2010 until on or about March 30, 2017.

47.     At all relevant times, defendants ostensibly employed Plaintiff Sosa as a delivery worker.

48.     However, Plaintiff Sosa was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

49.      Although Plaintiff Sosa was ostensibly employed as a delivery worker, he spent more than twenty percent of each day performing non-delivery work throughout his employment with Defendants.

50.     Plaintiff Sosa regularly handled goods in interstate commerce, such as Thai food, condiments, and supplies necessary to perform his duties as a delivery worker.

51.      Plaintiff Sosa's work duties required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Sosa regularly worked in excess of 40 hours per week.

53.     From approximately April 2011 until on or about December 2013, Plaintiff Sosa worked from approximately 11:00 a.m. until on or about 12:00 or 12:15 a.m. three days a week at the Wondee Siam I location and two days a week at the Wondee Siam II location (typically 65 to 66.25 hours per week).

54.     From approximately January 2014 until on or about September 2016, Plaintiff Sosa worked from approximately 11:00 a.m. until on or about 12:00 or 12:15 a.m. five days a week at the Wondee Siam II location (typically 65 to 66.25 hours per week).

55.     From approximately September 2016 until on or about March 30, 2017, Plaintiff Sosa worked from approximately 11:00 a.m. until on or about 12:00 or 12:15 a.m. four days a week at the Wondee Siam II location (typically 52 to 53 hours per week).

56.     From approximately April 2011 until on or about September 2016, Plaintiff Sosa was paid his wages in cash.

57.     From approximately September 2016 until on or about March 30, 2017, Plaintiff Sosa was paid his wages by check.

58.     From approximately April 2011 until on or about May 2015, defendants paid Plaintiff Sosa a fixed salary of $400.00 per week.

59.     From approximately June 2015 until on or about September 2016, defendants paid Plaintiff Sosa a fixed salary of $450.00 per week.

60.     From approximately October 2016 until on or about December 2016, defendants paid Plaintiff Sosa $9.00 per hour for the first 40 hours and $13.50 for some of his overtime hours.

61.     From approximately January 2017 until on or about March 30, 2017, defendants paid Plaintiff Sosa $10.50 per hour for the first 40 hours and $15.75 for some of his overtime hours.

62.     Prior to approximately September 2016, Plaintiff Sosa's wages did not vary regardless of how many additional hours he worked in a week.

63.     In fact, from approximately April 2011 until on or about September 2016, defendants required Plaintiff Sosa to work an additional hour or 75 minutes past his scheduled departure time, and did not compensate him for the additional time they required him to work.

64.     Similarly, from approximately October 2016 until on or about March 30, 2017, Defendants would punch out Plaintiff Sosa more than one hour prior to the actual time that he departed.

65.     From approximately April 2011 until on or about September 2016, Defendants did not grant Plaintiff Sosa any break or meal periods of any length.

66.     From approximately April 2011 until on or about September 2016, Plaintiff Sosa was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

67.     From approximately September 2016 until on or about March 30, 2017, Plaintiff Sosa would punch in for his shift but when it was time to punch out, he would find that the Defendants had punched him out at a much earlier time.

68.     Plaintiff Sosa was never notified by Defendants that his tips would be included as an offset for wages.

69.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Sosa's wages.

70.     Defendants never provided Plaintiff Sosa with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

71.    Instead, defendants required Plaintiff Sosa to sign a document, the contents of which he was not allowed to review, in order for them to release his weekly pay.

72.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Sosa regarding wages as required under the FLSA and NYLL.

73.    Defendants never provided Plaintiff Sosa with an accurate statement of wages, as required by NYLL 195(3).

74.    Defendants never gave any notice to Plaintiff Sosa, in English and in Spanish (Plaintiff Sosa's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.    Defendants required Plaintiff Sosa to purchase "tools of the trade" with his own funds—including five bicycles, a helmet,  8 vests, 6 sets of lights, a bicycle chain, 3 sets of locks and $800 per year in bicycle repair and maintenance.

*Defendants' General Employment Practices*

76.    Defendants regularly required Plaintiff Sosa to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime or spread of hours compensation.

77.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sosa and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

78.     Defendants habitually required their employees, including Plaintiff Sosa, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

79.     Defendants required all delivery workers, including Plaintiff Sosa, to perform general non-delivery, non-tipped restaurants tasks in addition to their primary duties as delivery workers.  Plaintiff Sosa, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

80.     However, under State Law, Defendants were not entitled to a tip credit because the delivery worker's and Plaintiff Sosa's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

81.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

82.     The delivery workers', including Plaintiff Sosa's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurants work with duties, including the non-tipped duties described above.

83.     In violation of federal and state law as codified above, Defendants classified Plaintiff Sosa and other delivery workers as tipped employees, but did not even pay them at the

tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

84.     Defendants failed to inform Plaintiff Sosa that his tips would be credited towards the payment of the minimum wage.

85.     Defendants failed to maintain a record of tips earned by Plaintiff Sosa for the deliveries he made to customers.

86.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

87.     Prior to approximately September 2016, Plaintiff Sosa was paid his wages in cash.

88.     Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Sosa with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sosa's relative lack of sophistication in wage and hour laws.

89.     Upon information and belief, this was done to disguise the actual number of hours Plaintiff Sosa , and similarly situated employees, worked and to avoid paying them properly for their (1) full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

90.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

91.     Defendants failed to provide Plaintiff Sosa  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone  number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

92.     Defendants failed to provide Plaintiff Sosa and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the  employer; any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

93.     Plaintiff Sosa brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Wondee Siam II (the "FLSA Class").

94.     At all relevant times, Plaintiff Sosa  and other members of the FLSA Class who were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

95.   The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

96.     Plaintiff Sosa repeats and re-alleges all paragraphs above as though fully set forth herein.

97.   At all times relevant to this action, Defendants were Plaintiff Sosa's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sosa (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

98.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100.     Defendants failed to pay Plaintiff Sosa (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101.    Defendants' failure to pay Plaintiff Sosa (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102.    Plaintiff Sosa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

103.     Plaintiff Sosa repeats and re-alleges all paragraphs above as though fully set forth herein.

104.    Defendants, in violation of the FLSA, failed to pay Plaintiff Sosa (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

105.    Defendants' failure to pay Plaintiff Sosa (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

106.    Plaintiff Sosa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)

107.    Plaintiff Sosa repeats and re-alleges all paragraphs above as though fully set forth herein.

108.    At all times relevant to this action, Defendants were Plaintiff Sosa's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and

fire Plaintiff Sosa (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

109.    Defendants, in violation of the NYLL, paid Plaintiff Sosa  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

110.    Defendants' failure to pay Plaintiff Sosa (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

111.    Plaintiff Sosa (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAWS)**

112.    Plaintiff Sosa repeats and re-alleges all paragraphs above as though fully set forth herein.

113.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Sosa (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

114.    Defendants' failure to pay Plaintiff Sosa (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff Sosa (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

116.    Plaintiff Sosa repeats and re-alleges all paragraphs above as though fully set forth herein.

117.    Defendants failed to pay Plaintiff Sosa (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Sosa's spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS.  Tit.  12, § 137-1.6.

118.    Defendants' failure to pay Plaintiff Sosa  (and the FLSA Class members) an additional hour's pay for each day Plaintiff Sosa's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

119.    Plaintiff Sosa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

120.    Plaintiff Sosa repeats and re-alleges all paragraphs above as though fully set forth herein.

121.    Defendants failed to provide Plaintiff Sosa with a written notice, in English and in Spanish (Plaintiff Sosa's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

19

122.     Defendants are liable to Plaintiff Sosa in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

123.     Plaintiff Sosa repeats and re-alleges all paragraphs above as though set forth fully herein.

124.     Defendants did not provide Plaintiff Sosa with wage statements upon each payment of wages, as required by NYLL 195(3).

125.     Defendants are liable to Plaintiff Sosa in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

126.     Plaintiff Sosa repeats and realleges all paragraphs above as though set forth fully herein.

127.     Defendants required Plaintiff Sosa to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

128.     Plaintiff Sosa was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

129.     WHEREFORE, Plaintiff Sosa respectfully request that this Court enter judgment against Defendants:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sosa and the FLSA class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sosa and the FLSA class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sosa's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sosa and the FLSA class members;

(f)      Awarding Plaintiff Sosa and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Sosa and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

21

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sosa and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sosa and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Sosa and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sosa's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sosa and the FLSA Class members;

(m)    Awarding Plaintiff Sosa and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Sosa and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff Sosa and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Sosa and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiff Sosa demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       April 14, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.


_____/s/ Michael Faillace_____
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

23

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 11, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Romualdo Sosa Lopez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     11 de abril de 2017

*Certified as a minority-owned business in the State of New York*