UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROMUALDO SOSA LOPEZ, *Individually and*
*on behalf of all other employees similarly*
*situated*,

Plaintiff,

vs.                                   Case No. 17-CV-02731-AKH

CHOCK DEE CORP. (d/b/a WONDEE SIAM I),
MA RAUY CORP. (d/b/a WONDEE SIAM I),
LUCKY FLUKE CORP. (d/b/a WONDEE SIAM II),
PAMUAN LIKITSANSOOK and PHIMPLOY
LIKITSANSOOK,

Defendants,

------------------------------------------------------------------ X

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Wage and Hour Claims (hereinafter "Agreement") is made and entered into by and between Romualdo Sosa Lopez on behalf of himself, his spouse, if any, agents, assigns, representatives, heirs, beneficiaries, successors, executors, administrators, and anyone who has or obtains any legal rights or claims through him (hereinafter referred to collectively as "Plaintiff" or "Releasor"), and Chock Dee Corp. (d/b/a Wondee Siam I), Ma Rauy Corp. (d/b/a Wondee Siam I), Lucky Fluke Corp. (d/b/a Wondee Siam II), Pamuan Likitsansook, and Phimploy Likitsansook, on behalf of themselves, their parent(s), subsidiaries, divisions, affiliates, and other related entities, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities (hereinafter referred to collectively as "Releasees"). Releasees and Releasors are collectively referred to as the "Parties."

1

Whereas, on or about April 14, 2017, Plaintiff, through his attorneys, Michael Faillace & Associates, P.C., filed a lawsuit in the United States District Court, Southern District of New York, entitled, "*Romualdo Sosa Lopez, individually and on behalf of others similarly situated, Plaintiffs, against, Chock Dee Corp. (d/b/a Wondee Siam I), Lucky Fluke Corp., (d/b/a Wondee Siam II), Pamuan Likitsansook, and Phimploy Likitsansook, Defendants*," and was assigned civil action number 17-cv-2731 (AKH), and then on or about May 16, 2018, Sosa filed an Amended Complaint, entitled, "*Romualdo Sosa Lopez, individually and on behalf of others similarly situated, Plaintiffs, against, Chock Dee Corp. (d/b/a Wondee Siam I), Ma Rauy Corp. (d/b/a Wondee Siam I), Lucky Fluke Corp., (d/b/a Wondee Siam II), Pamuan Likitsansook, and Phimploy Likitsansook, Defendants*," (hereinafter, the "Lawsuit"), asserting overtime claims, minimum wage claims, spread-of-hours claims, and related claims under the New York State Labor Law and the Fair Labor Standards Act. The Lawsuit sought all available remedies and damages, penalties, interest, fees and costs, and other relief;

Whereas, thereafter Plaintiff informed the Court in the Lawsuit that he did not intend to seek class or collective action status for the Lawsuit, and that he would only pursue his own individual claims;

Whereas, the Parties desire to settle, fully and finally, all differences that may exist between them arising out of or relating to Plaintiff's employment with some or all of the Releasees and with each party assuming their own costs and attorneys' fees, respectively;

**NOW, THEREFORE,** the Parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1.      No Admission of Liability. This Agreement is entered into in compromise of disputed claims. Releasors acknowledge and agree that by entering into this Agreement,

Releasees do not in any way admit liability or wrongdoing toward Releasors or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Releasees under any law, ordinance, rule, regulation or order with respect to any claim that Releasors or any other person has asserted, could have asserted, or may assert in connection with Releasors or any other person's relationship with Releasees or the Lawsuit. Releasees have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Releasors in the Lawsuit and otherwise, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of litigation. The Parties agree that no Party is a prevailing party in the Lawsuit or by virtue of this Agreement.

2. <u>Consideration.</u> Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Forty Thousand Dollars and Zero Cents ($40,000.00). The first payment to be paid within thirty (30) days of receipt of notice of approval of this Agreement by the Court, or any order modifying and entering this Agreement, as follows:

(A) Thirteen thousand, six hundred, and twenty-six dollars ($13,626) payable to *"Michael Faillace & Associates, P.C., as attorneys for Romualdo Sosa Lopez."* This amount will be payable in eighteen monthly installments of seven hundred and fifty-seven dollars ($757), with the second check delivered no later than 30 days after the first check and so on until the eighteenth and final payment.

(B) Twenty six thousand, and three hundred and seventy-four dollars ($26,374) payable to *"Romualdo Sosa Lopez."* This amount will be payable in seventeen

monthly installments of one thousand, four hundred and sixty-five dollars and twenty cents ($1,465.22) and one final monthly installment of one thousand, four hundred and sixty-five dollars and twenty-six cents ($1,465.26), with the second check delivered no later than 30 days after the first check and so on until the eighteenth and final payment.

(C) Plaintiff and his counsel will deliver completed W-9 Forms to counsel for Defendants.  The payment schedule will not be triggered until these W-9 Forms are delivered to counsel for Defendants and the Court approves the Settlement Agreement and Dismisses the Action with Prejudice.

(D) The first set of checks shall be delivered to counsel for Plaintiff within 30 days of receipt of notice of Court approval of the agreement or receipt of completed W-9 forms by Plaintiff and his counsel by counsel for Defendants, whichever happens later, with each set of successive checks delivered in successive 30 day installments.

3.   1099 Forms. All of the checks and the 1099 form(s) described above will be delivered to counsel for Plaintiff, namely, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, to the attention of Michael Faillace, Esq.

4.   Cure. Concurrently with the execution of this Agreement, Defendants Pamuan Likitsansook, Phimploy Likitsansook, and Ma Rauy Corp. shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit A.  In the event a settlement check described above is not delivered pursuant to, or before, the schedule described above, or in the event a settlement check fails to clear (i.e., bounces), Michael Faillace & Associates, P.C., shall notify David S. Halsband, Esq., Halsband

4

Law Offices, Court Plaza South, 21 Main Street, East Wing, 3d Floor, Hackensack, New Jersey 07601, by first class mail through the United States Postal Service and by email to david@halsbandlaw.com, and fax to 201.487.3176 that payment was not received. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks to either Plaintiff or his counsel fails to clear, or Defendants fail to deliver the payments to Plaintiff's counsel within thirty days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

5.   <u>Entire Amount.</u> Releasors agree and affirm that the payments described above shall constitute the entire amount of monetary consideration provided to them and their legal counsel under this Agreement, and that neither they nor their legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees/costs in connection with any of the matters encompassed in this Agreement. No party is considered a prevailing party in the Lawsuit or because of this Agreement.

6.   <u>Liability for Taxes.</u> Plaintiff agrees to be solely responsible for all his taxes, if any, together with any interest and penalties on any of his taxes, with respect to payments made under paragraph 2 above. Plaintiff agrees to indemnify and hold harmless Defendants for any liabilities, penalties, interests, judgments, etc., for such amounts.

7.   <u>Ownership of Claims.</u> Releasors represent that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim described in this Agreement. Releasors further agree to indemnify and hold harmless Releasees against any and all

claims based upon, arising out of, or in any way connected with any such actual or purported transfer or assignment.

8.   No Other Lawyers. Lopez represents that there is no other lawyer or law firm, other than Michael Faillace & Associates, P.C., representing Lopez now, or at any time, in connection with Lopez's employment with Releasees, and there are no other potential wage and hour claims for counsel fees, or any other claims for counsel fees. Lopez expressly agrees that he will indemnify and hold the Releasees harmless from any fees, costs, expenses or liability they may incur resulting from any claim by any lawyer or law firm relating to Lopez's employment with Releasees, his separation of employment with Releasees, and any claims released herein.

9.   No Other Action Pending. Releasors agree not to file a lawsuit or otherwise pursue any claims against Releasees for any claims released in this Agreement. Plaintiff represents that there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to Defendants, filed or submitted by him or with his knowledge, or on his behalf, with any federal, state or local court, department, arbitration tribunal, or administrative or other agency. Plaintiff further represents that he has not assigned or transferred or attempted to assign or transfer to any person any claim that he has or may have against Defendants.

10.   Release and Covenant Not To Sue: Plaintiff hereby irrevocably and unconditionally releases from and forever discharge Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers ("Released Parties") all possible claims, charges, complaints, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or

6

contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims asserted in the Lawsuit  that have occurred as of the Effective Date of this Agreement, including any claims arising under the Fair Labor Standards Act, the New York State Labor Law,  the New York Hospitality Industry Wage Order (Part 137 of Title 12 of Official Compilation of Codes, Rules and Regulations), the New York State Department of Labor regulations, and the New York Wage Theft Prevention Act and all other wage-related claims arising out of Plaintiff's employment with Defendants. Plaintiff covenants not to sue any of the Released Parties for any claim released herein. Plaintiff shall dismiss any such lawsuit in its entirety with prejudice. Notwithstanding this Covenant Not to Sue, Plaintiff may bring a claim or lawsuit against the Defendants to enforce this Agreement and may bring any other claim that cannot be waived as a matter of law.  Plaintiff is currently unaware of any other potential claims against Defendants.

11.    No Employment.    Releasor also agrees and promises not to seek employment with Releasees or any of their parent(s), subsidiaries, divisions, affiliates or other related entities at any time.  Releasor further agrees and acknowledges that this Agreement shall constitute good and sufficient cause on which Releasees may reject any application for employment by Releasors or on their behalf and that such rejection would not constitute a violation of any law.

12.    Non-Disparagement.    Plaintiff will not do or say anything, directly or indirectly, that disparages or reflects negatively on Defendants' character, work practices, products or services, other than truthful statements pertaining to the litigation of this matter.  Plaintiff will not seek an employment reference from Defendants, and Defendants will not provide any employment reference regarding Plaintiff.

7

13.    <u>Applicable Law.</u>  This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the United States and the State of New York without giving effect to conflict of laws. Any suit, action, or proceeding relating to this Agreement shall be brought in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, County of New York.  The Parties hereby accept the exclusive jurisdiction of these courts for the purpose of any such suit, action, or proceeding.

14.    <u>Enforceability.</u>  If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.  However, if the release terms of this Agreement are determined to be illegal or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

15.    <u>Interpretation of Agreement.</u>  The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

16.    <u>Headings.</u>  The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

17.    <u>Voluntary Agreement.</u> Releasors and Releasees agree and affirm that:

a.    They have carefully read and fully understand all of the provisions of this Agreement;

8

b.      They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c.      They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

d.      They have consulted with their attorney of choice before executing this Agreement;

e.      This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the potential lawsuit;

f.      No promise or representation of any kind or character has been made by any of the Releasees or by anyone acting on their behalf to induce Releasors to this Agreement, and that Releasors have not been forced or pressured in any way to sign this Agreement;

g.      They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

18.     _Medicare Representations_. Plaintiff represents and warrants that he is not a Medicare beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).  The Parties resolved this matter in compliance with both state and federal law. The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.  Plaintiff has not sought any medical treatment related to any of the claims released in this Agreement.

19.   <u>Complete Agreement.</u>  This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them.   This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the Parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

20.   <u>Lawyer Consultation and Review.</u> Plaintiff understands and acknowledges that Plaintiff has the right to consult with a lawyer of his choice to review this Agreement and is encouraged by the Releasees to do so.  Plaintiff has twenty-one (21) days to consider and accept this Agreement from the date it was first presented and may accept it at any time within those twenty-one (21) days.

21.   <u>Revocation Period.</u> Plaintiff understands and acknowledges that he has seven (7) days after signing the Agreement to revoke it by delivering to David S. Halsband, Esq., Halsband Law Offices, Court Plaza South, 21 Main Street, East Wing, 3d Floor, Hackensack, New Jersey 07601, written notification of such revocation within the seven (7) day period.  If Plaintiff does not revoke the Agreement during the seven (7) day period, the Agreement will become effective and irrevocable on the eighth day after Plaintiff signs it (the "Effective Date").  If Plaintiff elects to revoke the Agreement within the aforementioned seven (7) day period, this Agreement and the promises contained in it will automatically be deemed null and void.

22.   <u>Counterparts.</u>  This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's signature on this Agreement shall be deemed an original for all purposes and acceptable in any action against that

•      I ACKNOWLEDGE THAT I HAVE BEEN AFFORDED 21 DAYS TO CONSIDER THIS AGREEMENT

•      I HAVE 7 DAYS AFTER SIGNING THIS AGREEMENT TO REVOKE IT BY DELIVERING TO DAVID S. HALSBAND, ESQ., HALSBAND LAW OFFICES, COURT PLAZA SOUTH, 21 MAIN STREET, EAST WING, 3D FLOOR, HACKENSACK, NEW JERSEY 07601, WRITTEN NOTIFICATION OF SUCH REVOCATION WITHIN THE SEVEN (7) DAY PERIOD.   IF I DO NOT REVOKE THE AGREEMENT, THE AGREEMENT WILL BECOME EFFECTIVE AND IRREVOCABLE ON THE EIGHTH DAY AFTER I SIGN IT (THE "EFFECTIVE DATE").   IF I ELECT TO REVOKE THE AGREEMENT WITHIN THE AFOREMENTIONED SEVEN (7) DAY PERIOD, THIS AGREEMENT AND THE PROMISES CONTAINED IN IT WILL AUTOMATICALLY BE DEEMED NULL AND VOID.

•      I ACKNOWLEDGE THAT THIS AGREEMENT HAVE BEEN TRANSLATED FOR ME INTO A LANGUAGE THAT I UNDERSTAND.   Yo reconozco que este contrato ha sido traducido para mi en una idioma que yo entiendo.

party to enforce this Agreement, except counsel for Plaintiff shall provide to counsel for Defendants one original of this Agreement executed by Plaintiff.

        23.    <u>Good Faith Compliance</u>. The Parties agree to cooperate in good faith and to do all things necessary to effectuate this Agreement.

        24.    <u>Translation into Spanish</u>.    Plaintiff acknowledges that he has read this Agreement in English and/or further acknowledges that this Agreement has been explained to him in Spanish and/or such other language that he understands, and that he understands all of the terms of this Agreement.

        **WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**IN WITNESS WHEREOF,** and intending to be legally bound hereby, I have hereunto set my hand.

**WITH MY SIGNATURE HEREUNDER, I ACKNOWLEDGE THE FOLLOWING TO BE TRUE:**

- **I HAVE CAREFULLY READ THIS AGREEMENT**

- **I UNDERSTAND ALL OF ITS TERMS INCLUDING THE FULL AND FINAL RELEASE OF CLAIMS SET FORTH ABOVE**

- **I HAVE VOLUNTARILY ENTERED INTO THIS AGREEMENT**

- **I HAVE NOT RELIED UPON ANY REPRESENTATION OR STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT**

- **I HAVE BEEN GIVEN THE OPPORTUNITY TO HAVE THIS AGREEMENT REVIEWED BY MY LAWYER**

- **I HAVE BEEN ENCOURAGED BY RELEASEES TO CONSULT WITH A LAWYER**

- **MY LAWYER HAS EXPLAINED THIS AGREEMENT TO ME AND HAS ANSWERED ALL OF MY QUESTIONS TO MY SATISFACTION**

**PLEASE READ CAREFULLY.  THIS AGREEMENT INCLUDES THE FULL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS THAT MAY HAVE ARISEN AT ANY TIME PRIOR TO THE EXECUTION OF THIS AGREEMENT.**

Dated: 08/15/19

_____
ROMUALDO SOSA LOPEZ

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _____ )

On this 15th day of August , 2019, before me, the undersigned, appeared ROMUALDO SOSA LOPEZ, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

PAUL HERSHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HE6365223
Qualified in New York County
My Commission Expires 10-02-2021

Dated: 8/23/2019

NEW JERSEY

_____
Pamuan Likitsansook, on behalf of himself
and Lucky Fluke Corp.

STATE OF ~~NEW YORK~~ NEW JERSEY )
) ss.:
COUNTY OF BERGEN )

On this 23 day of AUGUST, 2019, before me, the undersigned, appeared Pamuan
Likitsansook, personally known to me or proved to me on the basis of satisfactory evidence to be
that individual, and he executed the above agreement by free act and deed, and thereby subscribed
to it.

_____
Notary Public

**CHRISTINA P. RASSEL**
**NOTARY PUBLIC OF NEW JERSEY**
**I.D. # 2397991**
**My Commission Expires 7/6/2020**

Dated: 8/23/2019

NEW JERSEY

_____
Phimploy Likitsansook, on behalf of herself
and Ma Rauy Corp.

STATE OF ~~NEW YORK~~ NEW JERSEY )
) ss.:
COUNTY OF BERGEN )

On this 23 day of AUGUST, 2019, before me, the undersigned, appeared Phimploy
Likitsansook, personally known to me or proved to me on the basis of satisfactory evidence to be
that individual, and she executed the above agreement by free act and deed, and thereby subscribed
to it.

_____
Notary Public

**CHRISTINA P. RASSEL**
**NOTARY PUBLIC OF NEW JERSEY**
**I.D. # 2397991**
**My Commission Expires 7/6/2020**

# EXHIBIT  A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X
ROMUALDO SOSA LOPEZ,

                              Plaintiff,                       AFFIDAVIT OF CONFESSION

      -against-                                     OF JUDGMENT

PAMUAN LIKITSANSOOK and
PHIMPLOY LIKITSANSOOK, and
MA RAUY CORP.

                              Defendants.
----------------------------------------------------------X

STATE OF NEW YORK     )
                         ) ss.
COUNTY OF NEW YORK  )

        PAMUAN LIKITSANSOOK, being duly sworn, deposes and says:

        1.      I, PAMUAN LIKITSANSOOK, reside at 709 Bryant Street, Paramus, New Jersey.

        2.      Pursuant to the terms of the Settlement Agreement and Release by and between Romualdo Sosa Lopez ("Plaintiff") and MA RAUY CORP. (d/b/a WONDEE SIAM I), LUCKY FLUKE CORP. (d/b/a WONDEE SIAM II), PAMUAN LIKITSANSOOK and PHIMPLOY LIKITSANSOOK, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry of judgment against myself personally in favor of Plaintiff for the sum of $40,000, less payments made to date under the Settlement Agreement.

        3.      This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, to which this Affidavit is annexed, and Defendants' default in payment under the Settlement Agreement.

16

**Confidential**

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment against myself, PAMUAN LIKITSANSOOK against all property, of any kind, in which I have any ownership interest.

PAMUAN LIKITSANSOOK

Sworn to before me this
23 day of August of 2019

Notary Public

CHRISTINA P. RASSEL
NOTARY PUBLIC OF NEW JERSEY
I.D. # 2397991
My Commission Expires 7/6/2020

17

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------X
ROMUALDO SOSA LOPEZ,

|  |  |
|---|---|
| Plaintiff, | AFFIDAVIT OF CONFESSION |
| -against- | OF JUDGMENT |

PAMUAN LIKITSANSOOK,
PHIMPLOY LIKITSANSOOK, and MA
RAUY CORP.

                              Defendants.
--------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.
COUNTY OF NEW YORK       )

PHIMPLOY LIKITSANSOOK, being duly sworn, deposes and says:

1.      I, PHIMPLOY LIKITSANSOOK, reside at *42-15 81st ST, APT 4A, Elmhurst, NY, 11373*

2.      Pursuant to the terms of the Settlement Agreement and Release by and between Romualdo Sosa Lopez ("Plaintiff") and MA RAUY CORP. (d/b/a WONDEE SIAM I), LUCKY FLUKE CORP. (d/b/a WONDEE SIAM II), PAMUAN LIKITSANSOOK and PHIMPLOY LIKITSANSOOK, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed. I hereby confess judgment and authorize entry of judgment against myself personally and Ma Rauy Corp. in favor of Plaintiff for the sum of $40,000, less payments made to date under the Settlement Agreement.

3.      This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, to which this Affidavit is annexed, and Defendants' default in payment under the Settlement Agreement.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment against myself, PHIMPLOY LIKITSANSOOK, and Ma Rauy Corp., against all property, of any kind, in which I have any ownership interest.

_____

PHIMPLOY LIKITSANSOOK, individually and on behalf of Ma Rauy Corp.

Sworn to before me this
28 day of AUGUST of 2019

Notary Public

**CHRISTINA P. RASSEL**
**NOTARY PUBLIC OF NEW JERSEY**
**I.D. # 2397991**
**My Commission Expires 7/6/2020**

19